486 P.2d 79

James J. SEYMOUR, Claimant-Appellant,

v.

POTLATCH FORESTS, INC., and Department of Employment, Defendants-Respondents.

No. 10834.

Supreme Court of Idaho.

June 17, 1971.

Leslie T. McCarthy, Lewiston, for claimant-appellant.

Blake, Feeney & Mosman, Lewiston, for respondent Potlatch Forests, Inc.

R. Lavar Marsh, Boise, for respondent Idaho Department of Employment.

DONALDSON, Justice.

This appeal was taken by the claimant, James J. Seymour, from an adverse decision of the Idaho Industrial Accident Board denying him unemployment insurance benefits.

The employee (claimant-appellant) was employed as a lab helper at the Potlatch Forest Pulp and Paperboard Mill. While working for Potlatch the claimant sustained a non-work related back injury and was granted a leave of absence. During his leave of absence, his work was to be performed by temporary help. A written agreement was entered into between the employer and claimant to the effect that the claimant would receive time off, but subject to certain conditions, viz., claimant was required to report to his supervisor on Friday of each week for the purpose of informing the supervisor of how much time he would work in the coming week so that if the claimant could not work, temporary help could be acquired. At least a week's notice was needed in order to secure a replacement for the coming week. The agreement further contained a statement to

the effect that if these conditions were not met that claimant's services would be terminated. The claimant abided by the terms of the agreement for about a month but was dismissed by Potlatch on April 13, 1970, because he had failed to report on Friday, April 10, 1970, and inform the employer of his work schedule for the coming week, as he agreed to do. The claimant testified that he understood that if he didn't report on a Friday there would be a penalty but he didn't know what kind of penalty.

On April 16, 1970, the claimant filed a claim for unemployment benefits which was denied by the Board after a hearing since:

> "The Board concludes that the claimant's failure to report as directed by the employer, pursuant to the agreement of March 3, 1970, where the claimant had no satisfactory excuse for failing to do so, constitutes misconduct in connection with his employment, for unemployment insurance purposes."

The Board thereafter entered its order as follows:

> "IT IS HEREBY ORDERED AND THIS DOES ORDER that the claimant's unemployment is due to the fact that he was discharged for misconduct in connection with his employment. The decision of the Appeals Examiner is hereby affirmed."

Claimant has appealed from the adverse decision rendered by the Industrial Accident Board and urges in essence that the Board erred in finding that he was discharged for misconduct by deliberate violation of the employer's rules.

The record is clear that the employer, Potlatch Forests, Inc., accommodated the claimant and allowed him to take as much time as he needed in order to receive medical attention for his back injury. The record furthermore indicates that claimant violated the conditions prescribed for his own benefit, i. e., so he could have time off: "And I did not call in as I was supposed to." The conditions to which claimant was subjected (in order to receive time off) were not unreasonable or unduly harsh in the opinion of this Court. Where one has suitable employment and refuses to work under reasonable regulations and conditions, and pursuant to reasonable directives of management, such person is not entitled to unemployment benefits. Johns v. S. H. Kress & Company, 78 Idaho 544, 307 P.2d 217 (1957); Milwaukee Transformer Co. v. Industrial Commission, 22 Wis.2d 502, 126 N.W.2d 6 (1964). Thus it is clear from the evidence that the Board's conclusion of wilful disregard of employer's interest is supported by substantial evidence. Findings of fact of the Industrial Accident Board in a proceeding instituted under the Employment Security Law, when supported by substantial, though conflicting, evidence, will not be disturbed on appeal. In re Orbea, 84 Idaho 298, 372 P.2d 132 (1962); Ankrum v. Employment Security Agency, 83 Idaho 274, 361 P.2d 795 (1961).

Judgment affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, SHEPARD and SPEAR, JJ., concur.